Granger, C. J.
The case has been fully and ably argued. Counsel have aided us by exhaustive citations from decided cases. After a full review we are satisfied that a careful reading of the will in the light of the circumstances of the testator and of his relation to the objects of his bounty, plainly indicates its true construction.
“ The rest and residue ” of the estate “real and personal” was to he kept by the widow during her life time. In case, during the widow’s life time, Ann should be deprived of the support of a husband, either by his death, his sickness, or otherwise, Ann could occupy the house and garden on lot No. 11, Circleville, free of charge. From and after the widow’s death, all of the property then remaining, real as well as personal, was to “ constitute a fund for the support and maintenance of Ann and her children during her life.” The words “ shall constitute a fund ” are full of meaning. The word “fund” savors of personalty; it means something that can be invested and reinvested. It included, as we think, the intent, that, if for the increase of income or the full and proper maintenance and support of Ann and her children, any sales of realty should become necessary, such sales could lawfully be made: — the proceeds taking *255 the place of the lands sold as part of said fund. It was clearly the intent of Isaac Darst that his daughter and her children should be supported and maintained by said “ fund ” from Martha’s death until Ann’s decease. That support and maintenance was expressly charged upon this “ fund ” without any word indicating that the charge was to be limited to the income of the fund. In such a case if the income happens to be sufficient the principal must remain intact; but if the income becomes insufficient that cannot relieve the “fund” from its duty. The “fund” must furnish the support.
But it is' claimed that because the will directs that at Ann’s death '•'•the same shall be equally divided between her children; ” and that in case no child of hers survived her “ the property then shall be equally divided ” between certain nieces of the testator, the charge in favor of the support of Ann and her children ought to be limited to the-income of the fund.
If a specified parcel of land be devised to A., without further words indicating the estate so given, and the same land is devised “ upon the death of A. to B.,” of course A. can hold only as tenant for life and cannot lessen the estate of the devisee in remainder. But “ a fund ” charged with the support of A. for her life, does not cease .to be “ the fund” because some of its principal is necessarily consumed in supporting A. Hence the words “ the same ” are not so definite as to require, or even to justify, a denial of needed support to Ann and her children during her life, in order to pass to those children, or to her cousins at her decease, the unbroken “ residue.” Considering the relation of the testator to Ann, the natural interpretation of his words treats that support as the primary, the paramount object in his mind. He used more words in providing for Ann and her children during her life, than in stating all of his other devises and bequests. The grant for her benefit, standing by itself, is full and complete. We have no right to limit it unless, without we do so, no reasonable construction. can be placed upon the subsequent clauses of the will. *256 For myself, the correlation of the words incline me to think that the will as dictated read that “the property then remaining shall be equally divided between ” the nieces; and that by a lapsus pennce the word “ remaining ” was omitted. The word “ then ” was unnecessary as an indication of the time for the division. Without it the death of Ann leaving no surviving child determined the time. But treating this thought as of no moment, we regard the words “the property” in this will as- too indefinite to justify a refusal to Ann and her children of any part of their needed support. The policy of Ohio law is unfavorable to entails. Is it not also so unfavorable to provisions “tying ” up property that it will not by liberal construction create such limitations? We do not believe, and the words of the will do not make it our duty to hold, that if the income had been so small that it could not supply Ann and her children with ordinary food and clothing, none of the principal could be applied to preserve .their lives, or health, We may well think that Isaac Darst cared more for his grandchildren than for his nieces; yet the construction claimed by the plaintiffs in error .would, in the case supposed, hasten the death of Ann’s children by exposure and lack of sustenance, in order to transfer to his nieces the fund upon which the support and maintenance of those grandchildren was the primary charge; and that too with the fact before us that the testator expressly preferred to give the whole of that fund to those grandchildren instead of to those nieces.
It is urged that Ann’s minor children were not properly served. The original return showed that a certified copy of the summons was handed to each minor and one also to their mother with whom they were living. It did not state affirmatively that a copy was left at the usual place of residence of their father. The decree included a finding by the court that all the defendants had been legally served. Oral proof that the mother was at her husband’s home when the sheriff handed the copy to her did not contradict the return. After the formal finding by the court the pre *257 sumption is that the fact was properly proved unless that presumption contradicts the return on the writ. We have no fault to find with the abundance of caution shown by the motion and order that resulted in the filing of the amendment to the return. We think the record shows that the court had jurisdiction of the subject matter and parties. While it was within the power of the trial court to require Ann and her husband before making sales to furnish security that they would properly hold, use and account for the proceeds subject to the control of the court, the omission to use that power was not error affecting the validity or legality of the decree.

Judgment affirmed.